RECEIVED
JAN - 4 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN MESA (#20435-047) | DOCKET NO. 12-CV-2273 SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, John Mesa, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges his release date as calculated by the Bureau of Prisons (BOP).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the petition be denied and dismissed.

### Facts and Background

Petitioner alleges that he was arrested by the State of Nebraska on August 24, 2005, for Delivery of a Controlled Substance. On October 24, 2005, Petitioner was sentenced to a one year state term of imprisonment for a violation of probation pertaining to a previous conviction. Pursuant to a writ of habeas corpus ad prosequendum, Petitioner was transferred to the custody of the United States Marshals Service. On April 10, 2006,

Petitioner pled guilty to distribution and possession with intent to distribute more than 50 but less than 150 grams of a mixture or substance containing methamphetamine. Paragraph 6 of Mesa's plea agreement stated that the parties agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)© that he would be sentenced to 120 months imprisonment and that this agreement was intended to eliminate issues under the sentencing guidelines including those related to drug quantity, criminal history and role. Mesa was sentenced to 120 months of imprisonment and 5 years supervised release. Mesa did not file a direct appeal.

Mesa filed a Section 2255 motion in the District of Nebraska, which was denied on March 2, 2007. [8:05-cr-0350 District of Nebraska, Doc. #65]

On August 13, 2009, petitioner filed a Motion to Amend Judgment and Commitment Order [Doc. #81], seeking the same relief as in the matter before this Court. In his August 2009 Motion in the Nebraska court, Petitioner wrote:

> Defendant was sentence [sic] by this court to 120 months of incarceration to be served after expiration of his state sentence from which he was discharged on April 22, 2006 (See Exhibit #1). On February 21, 2008, her Honorable Laurie Smith Camp, United States District Judge recommended that this defendant receive credit from August 24, 2005, which the BOP granted, but only up to October 23, 2005 (See: Exhibits #1 & #2). Mesa requested credit for the missing time and he submitted his Informal Resolution Attempt where he received a denial due to the fact that the federal court did not order the federal sentence to be served concurrently to the state sentence which had primary jurisdiction. (See: Exhibit #3).

2

Subsequently, Mesa submitted his appeal to the BOP Regional Director who also denied the request due to the fact that the federal judgment and commitment was silent as to whether it was concurrent or consecutive. (See. Exhibit #4).

Petitioner asked that the sentencing court clarify that his sentence was to run concurrent to his state sentence. The sentencing court denied the motion and ruled otherwise.

### Analysis

A federal prisoner contesting the calculation of his sentence and seeking relief under 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993)(quoting United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir.1990)). See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(holding that a § 2241 petitioner must exhaust his administrative remedies); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992)(holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). Petitioner claims that he exhausted, and was denied relief at all levels.

Petitioner argues that his federal sentence should run concurrent to his state sentence, so that the time spent in state custody would be credited toward his federal sentence. Bureau of Prisons Program Statement 5160.05 provides instructions for the designation of a state institution for concurrent service of a federal sentence. The Program Statement states: **State institutions**

**will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.** BOP Program Statement 5160.05, Sec. 3.

"The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . ." 18 U.S.C. § 3621(b).

Petitioner's federal sentence was silent regarding whether it should run consecutive or concurrent to his state sentence. Petitioner argues that, because the judge stated that Petitioner should be given credit for time served, Petitioner's federal sentence should be credited for the time in state custody. However, "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively <u>unless the district court specifically orders that they run concurrently</u>." <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir.2003), *reh'g denied* (Jul. 31, 2003)(citing 18 U.S.C. §3584(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run

concurrently.")

In this case, there is no question what the federal judge intended because, in ruling on Petitioner's motion to amend the judgment, the sentencing court stated:

> After carefully considering the motion and the underlying facts, the Court will deny the motion. The Judgment reflects the Court's recommendation for credit for time served from July 22, 2008, **and the Court defers to the Bureau of Prison's calculation of credit for time served.** United States v. Pardue, 363 F.3d 695, 697 (8th Cir. 2004) (citing 18 U.S.C. §3585(b) for the proposition that the Bureau of Prisons has discretion to determine the amount of credit for time served).
> IT IS ORDERED:
> 1. The Defendant's motion to amend his Judgment (Filing No. 81) is denied;
> and
> 2. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

Thus, there is no question as to the Court's intent. The Bureau of Prisons clearly acted within its discretion in refusing Petitioner's request.

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** because Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,**

written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 3rd day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE